PAUL, HASTINGS, JANOFSKY & WALKER LLP
Robert L. Sherman (RS 5520)
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 318-6847

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIRECT MARKETING EDUCATIONAL FOUNDATION, INC.<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>JOHN WILEY & SONS, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 08 CV 1464 (LMM) |

### DECLARATION OF ROBERT L. SHERMAN, ESQ. IN SUPPORT OF REQUEST FOR TEMPORARY RESTRAINING ORDER

**ROBERT L. SHERMAN**, declares as follows:

1.　　I am a partner in the firm of Paul, Hastings, Janofsky and Walker LLP, attorneys for Direct Marketing Educational Foundation ("DMEF"), and submit this declaration in support of DMEF's request for a temporary restraining order.

2.　　DMEF is a not-for-profit corporation that is the preeminent organization of its kind in the field of direct/interactive marketing education. Part of its mission is to promote direct/interactive marketing as a degree program at the undergraduate and graduate levels of major colleges and universities throughout the United States. Due to its efforts, it has been very successful in achieving that goal.

3.   To enhance its reputation and that of direct/interactive marketing, approximately twenty years ago DMEF decided to publish a scholarly journal in the area of direct/interactive marketing research. In the insipient stage, the renowned Medill School of Journalism at Northwestern University published the journal.

4.   Since 1988, the defendant was the publisher of DMEF's journal under license of DMEF's registered trademark *Journal of Interactive Marketing* (formerly known as the *Journal of Direct Marketing*). In accordance with the agreement between DMEF and the defendant, DMEF gave notice of its intention not to renew the defendant as its publisher, ending the defendant's role as publisher as of December 31, 2007.

5.   According to the agreement, the defendant was permitted to publish a journal under DMEF's trademark during one additional transitional year in accordance with the terms of the agreement. That transitional year is 2008.

6.   Defendant has publicly stated its intention to publish a "Best Of" journal in each of the first two quarters of 2008 without allowing DMEF to control the quality of the content. Because the *Journal of Interactive Marketing* is an academic journal, its reputation in large part is determined by its "impact factor," which is a well-established independent rating system that is a function of the number of citations to articles in the journal during the immediate prior two years.

7.   Such a "Best Of" issue and, *a fortiori*, back-to-back "Best Of" issues, would do severe and irreparable damage to the reputation of DMEF and its journal. "Best Of" issues essentially count as zero under the "impact factor" rating system. A lower rating means fewer and lesser contributing authors in the future.

8.   Efforts to resolve the matter have been unsuccessful.

9.   Defendant's publication of a "Best Of" journal is imminent.

10. As recently as February 13, 2008, the undersigned attempted to resolve the matter with in-house counsel for the defendant. Those efforts were unsuccessful.

11. If defendant publishes its unauthorized and unreviewed "Best Of" issues containing a compilation of previously published articles, it will be too late for DMEF to assure that its reputation, and that of its journal, remain intact. For a full explanation of the severe and irreparable damage that will befall DMEF, including why previously-published articles will cause such damage, the Court is respectfully referred to the accompanying declarations of Terri L. Bartlett, John Deighton and Russell Winer.

12. Simultaneously with this application, DMEF is moving for a preliminary injunction. The Court is asked to enter a temporary restraining order pending the decision on DMEF's motion for a preliminary injunction.

13. No similar request has previously been made of this Court.

WHEREFORE, the undersigned requests that this Court enter a temporary restraining order pending the decision on DMEF's motion for a preliminary injunction that prohibits defendant from publishing under DMEF's trademark, *Journal of Interactive Marketing*.

Dated: New York, NY
February 14, 2008

_____
Robert L. Sherman