UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
DIRECT MARKETING EDUCATIONAL        :
FOUNDATION, INC.,                   :
                                    :
             Plaintiff,             :
                                    :
                                    :
         -against-                  :   08 Civ. 1464(LMM)
                                    :
                                    :   MEMORANDUM AND
                                    :   ORDER
JOHN WILEY & SONS, INC.,            :
                                    :
             Defendant.             :
                                    :
------------------------------------X

McKENNA, D.J.

**1.**

Plaintiff, Direct Marketing Educational Foundation, Inc. ("Plaintiff" or "DMEF"), commenced this action, seeking preliminary injunctive relief that would prohibit Defendant, John Wiley & Sons, Inc. ("Defendant" or "Wiley") from publishing a journal using Plaintiff's mark, JOURNAL OF INTERACTIVE MARKETING ("the Journal")(Registration No. 2,177,647), without first submitting the content thereof to DMEF for its approval of the Journal's quality. (Plaintiff's Memorandum in Support of Motion 1.)  For reasons set forth below, Plaintiff's motion for preliminary injunctive relief is granted.[1]

---

[1] The Court declines to follow Plaintiff's counsel's suggestion at oral

2.

DMEF and Wiley entered into a contract in August 1988 for the publication and distribution of the Journal by Wiley in conjunction with DMEF. (Compl. ¶ 11.) Throughout the duration of the contract, Wiley was "responsible for the non-editorial affairs," while the DMEF-selected Editorial Board retained responsibility "for all editorial functions of the Journal receiving such guidance from DMEF ..." (Compl. ¶ 17.)

In February 2007 Plaintiff provided Wiley with a written notice of non-renewal of their contract. (Compl. ¶ 27.) The parties established by contract that the initial term of the contract would end December 31, 2007, followed by a one-year transitional period. (Compl. ¶ 18.) Plaintiff acknowledges that under the plain terms of the contract, Defendant has a license to use DMEF's mark as the title of its publication for a transitional period of one year following non-renewal by either party. (Compl. ¶ 16.) The contract is silent, however, as to which party will have editorial control during the transitional year. Plaintiff argues that it should retain editorial control during the year of transition; the Defendant, in turn,

---

argument that this Court, pursuant to F.R.C.P. 65, consolidate the preliminary injunction hearing with the trial on the merits. The Court will make no decision on the merits beyond the preliminary injunction motion which is at issue.

argues that the contractual language, in addition to allowing for its continued publication by Wiley under the mark, bestows full editorial control upon Wiley as well.

### 3.

In the Court's view, both parties have been effective in articulating their arguments, particularly in light of the ambiguous contractual language. Ultimately, however, this is a question of trademark law, and the law with respect to the issue of quality control speaks quite clearly, irrespective of the contract's silence.

Federal courts within this jurisdiction have unequivocally declared it unlawful for that a trademark owner to grant of a license to a licensee for the use of a mark without the retention of supervisory control.  See Susser v. Carvel Corp., 206 F.Supp. 636, 641 (S.D.N.Y. 1962)("It is well established that the owner of a trademark may license its use to another without abandoning his trademark. However, a naked license agreement without supervisory control over the product is invalid."); see also Societe Comptoir De L'Industrie Cotonniere Etablissements Boussac v. Alexander's Dept. Stores, Inc., 299 F.2d 33, 35 (2d. Cir. 1962)("[a naked license] is a fraud upon the public and unlawful"); Embedded Moments,

Inc. v. Int'l Silver Co., 648 F.Supp. 187, 193 (E.D.N.Y. 1986)("a 'naked' license – i.e., one without supervisory control over the use of the trademark – is invalid"); Weight Watchers of Quebec Ltd. v. Weight Watchers Intern., Inc., 398 F.Supp. 1047, 1056 (E.D.N.Y. 1975)("In fact, under American law, a naked license without such supervisory control is invalid.").

    The unwavering language of the applicable case law implies further that any contractual agreement allowing for the licensing of a trademark without the owner's retention of supervisory control would be considered a naked license, and therefore deemed invalid. So in the present case, even if the contract between the parties was written with the intention of conferring supervisory control upon Wiley during the transitional year, such language could never stand and would never be supported by the relevant case law.

    There is one existing exception to the prohibition on naked licenses, allowing for a licensee to have supervisory control if the licensee has demonstrated past competence in a supervisory role with that particular product. "Prior cases establish 'that reliance upon the integrity of a licensee is sufficient to fulfill the control requirement where a history of trouble-free manufacture provides the

basis for such reliance.'  Embedded Moments, supra, at 194 (quoting Syntex Lab., Inc. v. Norwich Pharmacal Co., 315 F.Supp. 45, 56 (S.D.N.Y. 1970), aff'd, 437 F.2d 566 (2d. Cir. 1971)).  Such an exception is inapplicable in the present case as Wiley has never assumed a supervisory role regarding the Journal's editorial content for the nearly twenty year-duration of the contract between itself and DMEF.

**4.**

In light of the foregoing analysis, Plaintiff's motion for preliminary injunctive relief is hereby GRANTED.[2]

Defendant is to submit a proposal order on two (2) days' notice to Plaintiff.

SO ORDERED.

Dated: March *10*, 2008

*/s/ L. M. M.*
Lawrence M. McKenna
U.S.D.J.

---

[2] For purposes of deciding this motion, this Court did not consider Plaintiff's letter dated February 28, 2008, or Defendant's letters dated February 28 and 29, 2008.