PAUL, HASTINGS, JANOFSKY & WALKER LLP
Robert L. Sherman (RS 5520)
75 East 55th Street
New York, NY 10022
(212) 318-6000

Attorneys for Plaintiff Direct Marketing Educational Foundation, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Direct Marketing Educational Foundation, Inc.<br><br>                            Plaintiff,<br><br>          - against -<br><br>John Wiley & Sons, Inc.,<br><br>                            Defendant. | Case No. 08 Civ. 1464 |

## REPLY TO COUNTERCLAIMS

Plaintiff Direct Marketing Educational Foundation ("DMEF"), by its attorneys, Paul, Hastings, Janofsky & Walker LLP, hereby respectfully submits its replies to the counterclaims of Defendant John Wiley & Sons, Inc. ("Wiley") by corresponding paragraph number as follows:

**First Counterclaim**
**(for breach of contract)**

82. DMEF repeats and realleges paragraphs 1-77 of the Complaint as if fully set forth herein.

83. Denies the allegations set forth in paragraph 83, but admits that Wiley and DMEF entered into an Agreement effective August 5, 1988 for publication of a journal that was then-entitled the Journal of Direct Marketing and that was first published by DMEF in 1987.

84. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 84, but admits that DMEF first published the journal in 1987.

85. Denies the allegations set forth in the first sentence of paragraph 85, but admits that the parties' Agreement provides for Wiley to publish the Journal in conjunction with DMEF and to be responsible for the non-editorial aspects of publishing the Journal for the term of the Agreement, and refers the Court to the Agreement for its terms. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of paragraph 85. Denies knowledge or information sufficient to form a belief as to the allegations of the third sentence of paragraph 85, but admits that Wiley reported to DMEF that gross revenues for the Journal in 2007 exceeded $250,000.

86. Denies the allegations set forth in paragraph 86, but admits that the Agreement reflects the intention of DMEF and Wiley to divide editorial and business responsibilities for the Journal, that DMEF owns the title of the Journal, and that ownership of physical back volume inventory and subscriber lists was transferred by DMEF to Wiley, and refers the Court to the Agreement for its terms.

87. Admits that the Agreement allows for non-renewal by either party.

88. Admits the allegations set forth in paragraph 88.

89. Denies the allegations set forth in paragraph 89.

90. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 90.

91. Admits that at the time the Agreement was negotiated, DMEF owned a federal application but not a federal registration for its common law trademark, JDM Journal of Direct Marketing, the then-title of the Journal.

92. Denies the allegations set forth in paragraph 92, but admits that the Agreement does not explicitly address the sequential numbering system of the Journal, admits that the Agreement provides that Wiley owns the subscriber list, and refers the Court to the Agreement for its terms.

93. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93.

94. Denies the allegations set forth in paragraph 94, but admits that in 1998, the Journal changed its name to the *Journal of Interactive Marketing*® to reflect changes in the industry, retained a new editor, and continued sequential numbering under a new ISSN.

95. Admits that before the name change, the Journal's editors and Editorial Review Board selected previously published articles to publish in a "Best of" issue of the Journal.

96. Denies the allegations set forth in paragraph 96, but admits that in July 2006, DMEF hired a new president, Ms. Terri Bartlett.

97. Admits the allegations set forth in paragraph 97.

98. Denies the allegations set forth in paragraph 98, but admits that on or about March 13, DMEF sent Wiley and other publishers a Request for Proposal (RFP) regarding publication of the Journal and that the RFP did not disclose the terms of DMEF's prior Agreement with Wiley.

99. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 99, but admits that on or about March 13, Wiley contacted DMEF to state that the RFP did not contain information regarding Wiley's license to publish under the same title for a year after termination of the Agreement or regarding Wiley's ownership of the subscriber list.

100. Denies the allegations set forth in paragraph 100, but admits that in a subsequent conversation, a DMEF consultant informed Wiley that the RFP was being reissued with additional background information and that Wiley stated that it declined to submit a proposal, and denies knowledge or information sufficient to form a belief as to whether Wiley received a copy of the reissued RFP.

101. Denies the allegations set forth in paragraph 101, but admits that DMEF issued the revised RFP, reviewed proposals, selected a publisher, and provided that publisher with a copy of the prior Agreement with Wiley in order to disclose fully the relevant terms, that the publisher reviewed the Agreement, and that DMEF and the publisher contracted to publish the journal.

102. Denies the allegations set forth in paragraph 102, but admits that DMEF issued a press release on August 23, 2007 stating that DMEF had chosen Elsevier to be the publisher of its journal effective January 2008.

103. Denies the allegations set forth in paragraph 103.

104. Denies the allegations set forth in paragraph 104.

105. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 105.

106. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 106.

107. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 107.

108. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 108.

109. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 109.

110. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 110.

111. Denies the allegations set forth in paragraph 111.

112. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 112, but admits that members of the Journal's Editorial Review Board, who are independent of DMEF, have posted information and personal opinions regarding the publication of the Journal.

113. Denies the allegations set forth in paragraph 113, but admits that Wiley set schedules that conflicted with the academic calendar and that DMEF made efforts to have Wiley adjust the schedule to better accommodate the Editorial Review Board's academic schedule.

114. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 114, denies the allegations concerning DMEF's interference in the marketplace, but admits that Wiley informed DMEF of its intent to publish a "Best of" issue of the Journal during the first quarter of 2008 without the participation, oversight, or approval of the Journal's Editorial Review Board.

115. Admits the allegations set forth in paragraph 115.

116.  Denies the allegations set forth in paragraph 116, but admits that DMEF and the Journal's Editorial Review Board rejected Wiley's proposed double-issue and promptly offered Wiley approved current peer-reviewed material for publication of two quarterly issues.

117.  Denies the allegations sets forth in paragraph 117, but admits that both parties received the bargained-for benefit of the Agreement between DMEF and Wiley from 1988 through 2007, and that DMEF chose to pursue a new arrangement with different terms instead of renewing the parties' Agreement.

118.  Denies the allegations set forth in paragraph 118, but admits that DMEF issued a press release and that DMEF rejected Wiley's publication of a "Best of" issue that had not been subjected to the editorial process or the Editorial Review Board and instead provided new peer-reviewed content for Wiley to publish in 2008.

119.  Denies the allegations set forth in paragraph 119.

120.  Denies the allegations set forth in paragraph 120, but admits that Wiley has complied with a Court order to act in accordance with the Agreement.

121.  Denies the allegations set forth in paragraph 121.

## Second Counterclaim
### (breach of the covenant of good faith and fair dealing)

122.  DMEF repeats its responses to paragraphs 1 through 121 as though fully set forth herein.

123.  The allegations set forth in paragraph 123 call for a conclusion of law to which no response is necessary. To the extent a response is necessary, denies the allegations set forth in paragraph 123.

124. Denies the allegations set forth in paragraph 124, but admits that Wiley has complied with a Court order to act in accordance with the Agreement.

125. Denies the allegations set forth in paragraph 125.

## Third Counterclaim
### (False Advertising in Violation of Lanham Act Section 1125(a))

126. DMEF repeats its responses to paragraphs 1 through 125 as though fully set forth herein.

127. The allegations set forth in paragraph 127 call for a conclusion of law to which no response is necessary. To the extent a response is necessary, denies the allegations set forth in paragraph 127.

## Fourth Counterclaim
### (declaratory judgment)

128. DMEF repeats its responses to paragraphs 1 through 127 as though fully set forth herein.

129. Denies the allegations set forth in paragraph 129.

## First Affirmative Defense

130. Defendant's counterclaims are barred by reason of waiver or estoppel.

## Second Affirmative Defense

131. Defendant's counterclaims are barred by reason of acquiescence.

### Third Affirmative Defense

132. Defendant's counterclaims are barred by reason of laches.

### Fourth Affirmative Defense

133. Defendant's counterclaims are barred by reason of unclean hands.

### Fifth Affirmative Defense

134. Defendant failed to mitigate its damages, if any.

### Sixth Affirmative Defense

135. Defendant's counterclaims should be dismissed for failure to state a claim.

Dated: New York, NY
       May 22, 2008

Respectfully Submitted,

PAUL, HASTINGS, JANOFSKY & WALKER, LLP

*Robert L. Sherman*
By: Robert L. Sherman (RS 5520)

75 East 55th Street
New York, NY 10022
(212) 318-6000 (telephone)
(212) 318-6847 (facsimile)

Attorneys for Plaintiff
Direct Marketing Educational Foundation, Inc.

PAUL, HASTINGS, JANOFSKY & WALKER LLP
Robert L. Sherman (RS 5520)
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 318-6847

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIRECT MARKETING EDUCATIONAL FOUNDATION, INC.<br><br>Plaintiff,<br><br>- against -<br><br>JOHN WILEY & SONS, INC.,<br><br>Defendant. | Case No. 08 Civ. 1464 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply to Counterclaims was served this 22nd day of May, 2008, by delivering a true and correct copy of same by e-mail, as agreed to by the parties, to Ashima Aggarwal at aaggarwa@wiley.com.

*Natalie G. Furman*
Natalie G. Furman

LEGAL_US_E # 79501478.1